UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NEIL L. WHITESELL and
TRACEY L. WHITESELL,

Plaintiffs,

v. Case No.: 2:25-cv-1011-SPC-NPM

UNITED STATES OF AMERICA,

Defendant.

---

**OPINION AND ORDER**

Before the Court is Defendant United States of America's Renewed Motion to Dismiss Count I of Plaintiffs' Complaint (Doc. 36) and Plaintiffs Neil L. Whitesell and Tracey L. Whitesell's response (Doc. 41). For the reasons below, the motion is granted.

**Background**

This action stems from Defendant's alleged failure to pay Plaintiffs the total amount of interest due for the overpayment of taxes for the 2016 tax year, as well as the total refund and interest due for the overpayment of taxes for the 2017 tax year under 28 U.S.C. § 1346(a)(1). (Doc. 1). Although not labeled, Count I "is an action for damages and recovery for interest owed by the USA related to the Plaintiffs' Amended 2016 Tax Return[.]" (*Id.* ¶ 15). Count II "is an action for damages and recovery for a refund related to the Plaintiffs'

Amended 2017 Tax Return[.]" (*Id.* ¶ 25). Defendant now seeks dismissal of Count I of the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 36).

**Legal Standards**

The general rule under Rule 12(h)(3) is that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." A Rule 12(b)(1) attack can be facial or factual. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citation omitted). A facial attack—as Defendant brings here—challenges jurisdiction based on the pleadings. *See id.* (citation omitted). In addressing this type of motion, the court accepts the pleading's allegations as true and examines whether it has sufficiently alleged jurisdiction. *See id.* Regarding jurisdiction over tax claims, "§ 1346(a)(1) . . . does not encompass standalone overpayment interest claims against the government and . . . under the Tucker Act,[1] the Court of Federal Claims has exclusive jurisdiction over such standalone claims exceeding $10,000." *See Paresky v. United States*, 995 F.3d 1281, 1289 (11th Cir. 2021) (citing 28 U.S.C. §§ 1346(a)(2), 1491).

[1] *See* 28 U.S.C. § 1491.

## Discussion

Defendant argues that the Court lacks subject matter jurisdiction over Count I because it is a standalone overpayment interest claim exceeding $10,000. (Doc. 36). Thus, the Court of Federal Claims has exclusive jurisdiction over this claim. (*Id.*). The Court agrees.

Count I alleges in relevant part:

- "This is an action for damages and recovery for *interest* owed by the USA related to the Plaintiffs' Amended 2016 Tax Return" (Doc. 1 ¶ 15);
- "The Plaintiffs are owed *interest* by the USA for delay in the USA paying the Plaintiffs their tax refund for the 2016 Tax Year" (*id.* ¶ 18);
- "The IRS's position that $283,033.82 is the appropriate amount of *interest* to be paid to the Plaintiffs for the amended 2016 Tax Year, significantly understates the amount owed to the Plaintiffs for said *interest*, which may exceed an unpaid amount of $1,500,000.00 for the amended 2016 Tax Year" (*id.* ¶ 21);
- "The USA, through the IRS, has breached its statutory obligations to appropriately pay *interest* (compounded on a daily basis) on the refund to the Plaintiffs" (*id.* ¶ 22);
- "The Plaintiffs have been damaged by USA's failure to pay *interest* due and owing to the Plaintiffs" (*id.* ¶ 23);

- Plaintiffs request that the Court "[a]ward the Plaintiffs the accurate total amount owed to the Plaintiffs for the *interest* on the refund provided by the IRS to the Plaintiffs for the 2016 Tax Year" (*id.* ¶ 23(a)) (emphasis added).

There are no allegations regarding a refund in Count I. (*See* Doc. 1 at 4–5).

In response, Plaintiffs point only to their prayer for relief at the end of the Complaint, which encompasses the relief sought in both counts, requesting that the Court "[a]ward the Plaintiffs the accurate total proper amounts owed to the Plaintiffs for the refunds and the pre-payment interest due to the Plaintiffs for the 2016 and 2017 Tax Years[.]" (*Id.* at 8). Indeed, Count II "is an action for damages and recovery for a *refund* related to the Plaintiffs' Amended 2017 Tax Return" (*id.* ¶ 25), and Plaintiffs' request that the Court "[a]ward the Plaintiffs the accurate total amount owed to the Plaintiffs, including the proper *refund* amount, plus interest, for the 2017 Tax Year." (*Id.* ¶ 31(a)) (emphasis added).

As set forth above, the allegations in Count I establish that it is a standalone overpayment interest claim exceeding $10,000, over which this Court lacks subject matter jurisdiction. *See Paresky*, 995 F.3d at 1289. Any relief Plaintiffs seek beyond that for a standalone interest claim in the final prayer for relief stems from Count II only. (*See* Doc. 1). So Plaintiffs' argument that Count I is not a standalone interest claim, which is unsupported by any

legal authority, fails. Because "§ 1346(a)(1) . . . does not encompass standalone overpayment interest claims against the government and . . . under the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over such standalone claims exceeding $10,000," Count I is dismissed for lack of subject matter jurisdiction.[2] *See Paresky*, 995 F.3d at 1289 ("Because the district court lacked jurisdiction over the Pareskys' standalone overpayment interest claim, we affirm the district court's dismissal of the amended complaint.").

Accordingly, it is now

**ORDERED:**

1. Defendant's Renewed Motion to Dismiss Count I of Plaintiffs' Complaint (Doc. 36) is **GRANTED**.
2. Count I of Plaintiffs' Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**DONE** and **ORDERED** in Fort Myers, Florida on October 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] Plaintiffs do not argue that the Court has supplemental jurisdiction over this claim. (*See* Doc. 41). Thus, the Court need not address Defendant's argument on that point.